

FILED
DEC 19 2007
JUDGE MATTHEW F. KENNELLY
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 07 CR 783 |
| JAIME BARRAZA CRUZ | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant JAIME BARRAZA CRUZ, and his attorney, ~~JOHN A. MEYER~~ Thomas Leinenweber, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(C) as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2. The information in this case charges defendant with illegal reentry by a deported alien, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2); and Title 6, United States Code, Section 202(4).

3. Defendant has read the charge against him contained in the information, and that charge has been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty

to the information.

### Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

On or about August 5, 2007, at El Paso, Texas, ~~in the Northern District of Illinois, Eastern Division~~, JAIME BARRAZA CRUZ, defendant herein, an alien who previously had been deported and removed from the United States on or about April 13, 2007, and December 20, 1997, was present and found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security for reapplication by defendant for admission into the United States; in violation of Title 8, United States Code, Sections 1326(a) and (b)(2); and Title 6, United States Code, Section 202(4).

More specifically, defendant acknowledges that he is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. Defendant was born in Mexico on October 15, 1959. Defendant admits that he illegally entered the United States near El Paso, Texas on or about August 5, 2007. The defendant entered the United States without being inspected, or admitted after inspection by, an officer of Immigration and Customs Enforcement. Defendant further acknowledges that he did not apply for or receive permission from the Secretary of the Department of Homeland Security to re-enter the United States prior to re-entering the United States on or about August 5, 2007.

The defendant admits that, prior to his illegal re-entry, the defendant was convicted on or about November 11, 2000, in the United States District Court for the Northern District of Illinois of an aggravated felony, namely, conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana, as well as being convicted of illegal re-entry into the United States after deportation. The defendant was sentenced to 96 months incarceration. On or about April 13, 2007, defendant was deported from the United States to Mexico.

The defendant was also deported from the United States to Mexico on or about December 20, 1997, following his conviction on May 14, 1991, of an aggravated felony, namely, possession with intent to distribute a multi-kilogram quantity of cocaine. The defendant was sentenced to 104 months incarceration for that conviction. On or about April 3, 2000, the defendant illegally re-entered the United States, without applying for or receiving permission to re-enter the United States.

## Maximum Statutory Penalties

7.  Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties: a maximum sentence of 20 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than five years. In accord with Title 18, United States Code, Section 3013, defendant also will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

8.  Defendant understands that in imposing sentence the Court will be guided by

the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9. For purposes of calculating the Sentencing Guidelines, the parties agree and disagree on the following points:

    a. **Applicable Guidelines.** The Sentencing Guidelines to be applied in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2006 Guideline Manual.

    b. **Offense Level Calculations.**

        i. The base offense level for the charge in the information is 8, pursuant to Guideline §2L1.2(a).

        ii. Pursuant to Guideline §2L1.2(b)(1)(A), defendant's offense level is enhanced by 16 levels because defendant previously was deported after a conviction for an aggravated felony, namely, a drug trafficking offense for which the sentence imposed exceeded 13 months.

        iii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by

furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

  iv. In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

  c. **Criminal History Category.** The parties disagree concerning the defendant's criminal history points and criminal history category. Based on the facts now known to the government and set forth below, it is the government's position that the defendant's criminal history points equal 9 and defendant's criminal history category is IV. It is the defendant's position that the defendant's criminal history category is III. Set forth below are the facts now known to the government concerning the defendant's criminal history:

  i. On or about May 16, 1991, defendant was convicted of possession of cocaine with intent to distribute in violation of Title 21, United States Code, Section 841(a) in the United States District Court for the Northern District of Illinois and was

sentenced to a 104 month term of imprisonment followed by four years of supervised release. The defendant was released from prison on or about December 12, 1997. It is the government's position that the defendant receives 3 criminal history points for this conviction.

    ii.    On or about November 11, 2000, defendant was convicted of conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana, in violation of Title 21, United States Code, Section 846, and illegal re-entry after deportation, in violation of Title 8, United States Code, Sections 1326(a) and (b), in the United States District Court for the Northern District of Illinois and was sentenced to a 96 month term of imprisonment followed by four years of supervised release. It is the government's position that the defendant receives 3 criminal history points for this conviction.

    iii.    Defendant committed the instant offense while on supervised release relating to his November 11, 2000 federal conviction. It is the government's position that the defendant receives 2 additional criminal history points for being on supervised release.

    iv.    Defendant committed the instant offense in or about August 2007, within two years of after his release from imprisonment in April 2007 relating to his November 11, 2000 federal conviction. It is the government's position that the defendant receives 1 additional criminal history points for being committing a crime within two years of release from prison.

    d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, the parties agree that based on the facts now known to the government, the anticipated offense level is **21**. It is the government position that the anticipated criminal history category is **IV**, which results in an anticipated advisory Sentencing Guidelines range of **57 to 71 months'** imprisonment, in addition to any supervised release and fine the Court may impose. It is the defendant's position that the anticipated criminal history category is **III**, which results in an anticipated advisory Sentencing Guidelines range of **46 to 57** months' imprisonment, in addition to any supervised release and fine the Court may impose.

  10. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature and based on facts known to the parties as of the time of this Plea Agreement. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

  11. Both parties expressly acknowledge that while none of the Guideline calculations set forth above are binding on the Court or the Probation Office, certain components of those calculations – specifically, those set forth above in Paragraph 9(i) and (ii) – are binding on the parties, and it shall be a breach of this Plea Agreement for either

party to present or advocate a position inconsistent with the agreed calculations set forth in the identified subparagraphs.

12. Defendant understands that with the exception of the Guideline provisions identified above as binding on the parties, the Guideline calculations set forth above are non-binding predictions, upon which neither party is entitled to rely, and are not governed by Fed.R.Crim.P. 11(c)(1)(B). Errors in applying or interpreting any of the Sentencing Guidelines (other than those identified above as binding) may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

13. This Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons within the applicable advisory guidelines range. Both parties are free to recommend the sentence they deem appropriate within the applicable advisory guidelines range. Other than the agreed term of incarceration, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of incarceration set

forth, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d) and (e). If, however, the Court refuses to impose the agreed term of incarceration set forth herein, thereby rejecting this plea agreement, or otherwise refuses to accept defendant's plea of guilty, either party has the right to withdraw from this plea agreement.

15.   Defendant agrees to pay a special assessment of $100 with a check or money order payable to the Clerk of the U.S. District Court.

16.   After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the Rule to Show Cause Why Supervised Release Should Not Be Revoked currently pending in case number 90 CR 457, and will not file or will move to dismiss any Rule to Show Cause Why Supervised Release Should Not Be Revoked in case number 00 CR 256, relating to defendant's illegal re-entry after deportation on or about August 5, 2007.

### Presentence Investigation Report/Post-Sentence Supervision

17.   Defendant understands that the United States Attorney's Office in its submission to the Probation Department as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

18.   Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

19.   This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability.

20.   This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

21. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

   a. **Right to be charged by indictment.** Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

   b. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him and if he does, he would have the right to a public and speedy trial.

      i. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

      ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without

cause by exercising peremptory challenges.

        iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty.

        iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

        v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

        vi.    At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

        vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn

from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

      c.    **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction and any part of the sentence, including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture (or the manner in which that sentence was determined), in exchange for the concessions made by the United States in this Plea Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, or the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

      d.    Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

    22.    **Venue Waiver.** Defendant understands that he has the right to be prosecuted for any criminal offense in the district where the offense was committed. By signing this

Plea Agreement, defendant knowingly consents to prosecution of the charge against him in the Northern District of Illinois and waives any objection to the venue of this prosecution.

### Other Terms

23. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

### Conclusion

24. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

25. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in

accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

26. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

27. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

28. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 11/27/2007

_____
PATRICK J. FITZGERALD
United States Attorney

_____
JAIME BARRAZA CRUZ
Defendant

_____
JACQUELINE STERN
Assistant U.S. Attorney

_____
~~JOHN A. MEYER~~ THOMAS LEINENWEBER
Attorney for Defendant