IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 07 CR 783-1 |
| v. | ) |
| | ) Judge Matthew Kennelly |
| JAIME BARRAZA CRUZ, | ) |
| | ) |
| Defendant. | ) |

**PETITIONER JAIME BARRAZA CRUZ'S
<u>SENTENCING MEMORANDUM</u>**

Petitioner, JAIME BARRAZA CRUZ, by his attorney, Thomas More Leinenweber, respectfully submits this Sentencing Memorandum for the Court's consideration. In support thereof, Mr. Cruz states as follows:

**I. Introduction**

Defendant respectfully submits this memorandum in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a) in light of *United States v.Booker*, 125 S. Ct. 738 (2005).

Here, the Defendant respectfully requests that the Court consider three important circumstances of this case in fashioning a sentence. *First*, Mr. Cruz quickly admitted his guilt and accepted responsibility for his actions. *Second*, Mr. Cruz's family is in a difficult situation because of his incarceration and his girlfriend's cancer. *Third*, the plea agreement in this matter called for a sentence within the applicable guideline range, which is 57 to 71 months. A sentence at the low end of the guidelines of fifty-seven (57)

months in this matter is a severe sentence that is more than sufficient to achieve the statutory purposes. Such a sentence would accomplish the primary goals of sentencing from the Government's point of view, that is it would act as a deterrent to others thinking about similar behavior and would protect the public from further crimes of the defendant for almost five years.

**II. Procedural Background**

Mr. Cruz pleaded guilty to Illegal Reentry of a Previously Deported Immigrant, in violation of 8 U.S.C. ¶¶1326(a) and (b)(2) and 6 U.S.C. ¶202(4). Mr. Cruz now stands before the Court for sentencing.

**III. The Sentencing Factors as Applied to Jaime Barraza Cruz**

Aside from the sentencing guidelines range, two other factors are particularly relevant in Mr. Cruz's case and should be taken into consideration: *First*, Mr. Cruz quickly admitted his guilt and accepted responsibility for his actions. *Second*, Mr. Cruz family is in a difficult situation because of his incarceration and his girlfriend's cancer.

A. Jaime Barraza Cruz's Acceptance of Responsibility

Since the court proceedings began in this matter began, Mr. Cruz has never contested his involvement and he has now pleaded guilty and accepted responsibility for his actions.

B. Jaime Barraza Cruz's Family Circumstances

Mr. Cruz is the father of five children and his youngest three children, aged 18, 16 and 7 live in Mexico with their mother. The mother of the children, the Defendant's girlfriend, Maria Julia Rosas, is now suffering from leukemia. Indeed, the Defendant came back into the United States to earn money for Ms. Rosas' cancer treatment.

While Mr. Cruz is incarcerated, there is a chance that his girlfriend will not survive the leukemia she is suffering from currently. There is a chance, therefore, that his minor children will have neither a father nor a mother.

A sentence at the low end of the guidelines would be fifty-seven (57) months. As stated previously, such a sentence is sufficiently harsh to deter behavior such as what the defendant has pleaded guilty to and to protect the public from other potential crimes of the defendant. Such as sentence would clearly be "sufficient, but not greater than necessary" to achieve the purposes of punishment.

B. The Sentencing Guidelines

According the PSR, Mr. Cruz's offense level is 21 and his criminal history category is IV, for a sentencing range of 57-71 months.

**IV. The Minimally-Sufficient Sentence in this Case**

As discussed above, *Booker* and 18 U.S.C. § 3553(a)'s parsimony provision impose a statutory cap on sentences, no matter what is recommended under the sentencing guidelines: the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment. Here, it is respectfully submitted that a sentence at the low end of the guidelines of fifty-seven (57) months is sufficient to achieve the goals of punishment.

Justice is certainly served by this proposed sentence. Mr. Cruz recognizes that the seriousness of his offense and the resulting harm warrants punishment; he is not attempting to avoid this reality. Further, any sentence longer than the low end of the guidelines would serve no purpose whatsoever, expect as a burden to the government and further harm to the Defendant's loved ones.

General deterrence is amply served by the proposed sentence, and finally, Mr. Cruz's need for rehabilitation is met by the proposed sentence. Mr. Cruz foolishly attempted to enter the United States after being deported, and he recognizes his arrogance in this regard. The proposed sentence will further solidify Mr. Cruz's respect for the law.

In determining the minimally-sufficient sentence, the Court must essentially ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. Respectfully, it would not in this case.

## V. Fine and Restitution

Mr. Cruz respectfully submits that since imposition of a fine is discretionary, it should not be entered against him at all.

## VI. Conclusion

For the reasons discussed above, Mr. Cruz respectfully requests that the Court impose a sentence of at the low end of the guidelines of fifty-seven (57) months in prison.

Respectfully submitted,

s/Thomas More Leinenweber
Thomas More Leinenweber

Thomas More Leinenweber
Leinenweber & Baroni, LLC
321 South Plymouth Court
Suite 1515
Chicago, Illinois 60604
(312) 663-3003